UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAMEION M. BRUMFIELD** | **CIVIL ACTION NO. 2:13-cv-730** |
| | **SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **LOUISIANA DEPARTMENT** | |
| **OF CORRECTIONS, ET AL** | **MAGISTRATE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Dameion Brumfield proceeding *in forma pauperis* filed the instant civil rights complaint on April 4, 2013.  Doc. 1.  At the time plaintiff filed this complaint, he was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and was incarcerated at Allen Correctional Center (ACC), Kinder, Louisiana.

On September 30, 2013, this court filed a memorandum order [doc. 14] instructing plaintiff to provide additional information in support of his complaint.  Plaintiff was instructed to respond to the order by October 30, 2013.  To date, plaintiff has not complied with the court's order.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..."  The district court also has the inherent authority to dismiss an action *sua sponte* without motion by a defendant.  *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 630-31.

As previously stated, plaintiff has failed to comply with an order of this court.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE this 13th day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

2